# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

ROGER STONE                                                                                   PLAINTIFF

V.                      CASE NO. 1:17-CV-00008 JTK

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION                                        DEFENDANT

## ORDER

### I. Introduction:

Plaintiff, Roger Stone, applied for disability benefits on July 11, 2014, alleging a disability onset date of March 30, 2013. (Tr. at 18). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 26). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Stone has requested judicial review.

For the reasons stated below, the Court[1] affirms the decision of the Commissioner.

### II. The Commissioner's Decision:

The ALJ found that Stone had not engaged in substantial gainful activity since the alleged onset date of March 30, 2013. (Tr. at 20). The ALJ found, at Step Two of the sequential five-step analysis, that Stone had the following severe impairments: diabetes mellitus, essential hypertension, congestive heart failure, and status post right knee surgery. *Id.*

At Step Three, the ALJ determined that Stone's impairments did not meet or equal a listed impairment. (Tr. at 21). Before proceeding to Step Four, the ALJ determined that Stone had the

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

residual functional capacity ("RFC") to perform medium work, except that he could only occasionally crouch and kneel. *Id*. The ALJ next determined that Stone is capable of performing past relevant work. (Tr. at 25). In the alternative, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Stone's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. *Id.* Based on that determination, the ALJ held that Stone was not disabled. (Tr. at 26).

### III. Discussion:

#### A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

#### B. Stone's Arguments on Appeal

Stone argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that the assigned RFC did not reflect all of Stone's limitations and that the ALJ did not conduct a proper credibility analysis. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

2

While Stone had multiple severe impairments, he focused his argument on limitations arising from congestive heart failure and hypertension, so the Court will likewise limit its discussion.² Stone underwent cardiac catheterization in 2011, prior to the relevant time-period for disability determination. (Tr. at 273-274). He was stable after surgery and his doctor released him to return to usual work duties, performing heavy work as a tire technician. (Tr. at 200, 274). There is no record of Stone pursuing treatment for heart conditions again until November 4, 2014, when he complained of heart palpitations. (Tr. at 24, 382-384). Failure to treat a condition undermines a claim of disability. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993)(when a claimant has not treated his anxiety, the ALJ is justified in ruling out anxiety as an impairment); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003)(failure to seek regular and available medical treatment undermines claim of disabling pain). At that appointment, Stone did not complain of chest pain and had a normal heart rate, rhythm, and heart sounds. (Tr. at 382). His doctor added Coreg to treat hypertension. (Tr. at 383).

On January 6, 2015, Stone presented with complications from hypertension, but again, his cardiovascular office exam was normal and the doctor also noted that Stone was not compliant with an exercise regimen. (Tr. at 445). A claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of his alleged disability. *See Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001). At that time, Stone's heart condition was "stable." (Tr. at 447). And in September 2015, a stress echocardiogram was normal. (Tr. at 481). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363

---

² Stone's diabetes was controlled with medication. (Tr. at 43, 406, 478). Knee surgery was successful with virtually no post-surgery pain, and Stone was meeting physical therapy goals as of February 2015. (Tr. at 413, 442).

F.3d 731, 738-39 (8th Cir. 2004). By November 2015, Stone reported that his hypertension was "doing well." (Tr. at 484).

Two state agency medical consultants reviewed the record and found Stone's impairments to be non-severe. (Tr. at 58, 70-72).

Based on the foregoing medical evidence, the RFC assigned by the ALJ incorporated all of Stone's limitations. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's [RFC], the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of [his] impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The medical evidence revealed conservative treatment for conditions that improved over the relevant time-period. Stone's doctor released him to perform heavy work after his heart surgery, and no doctor placed any restrictions on him. A lack of physician-imposed restrictions may serve as a reason to discredit a claimant's credibility. *Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003).

While Stone argues that the ALJ should have further developed the record before assigning the RFC, an ALJ is required to recontact a treating or consulting physician only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011). As well, a claimant has the burden of proving his disability; the ALJ does have to play counsel for the claimant. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). At the hearing, Stone's attorney indicated that the record was complete and he did not ask for further medical examinations. (Tr. at 35). The ALJ's RFC determination was

4

supported by substantial evidence in the record as a whole, and no further development of the record was necessary.

Stone also contends that the ALJ's credibility analysis was flawed.[3] Before coming to a conclusion on a claimant's credibility, the ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including prior work record, as well as observations by third parties and treating and examining physicians regarding: 1) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984).

The ALJ cited to the *Polaski* case in his decision, and he discussed several of the *Polaski* factors, although an ALJ is not required to explicitly discuss each factor. *See Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). He noted that Stone could shop, do laundry, drive, prepare meals, and walk a quarter of a mile. (Tr. at 23, 36). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). The ALJ cited to Stone's description of his knee pain, and assigned no crouching and kneeling in the RFC as a result. (Tr. at 23). The ALJ also discussed the lack of treatment over several years, as well as reported effectiveness and side effects of medications. (Tr. at 24). The credibility analysis was complete, and the ALJ's findings are entitled to deference because they are supported by substantial evidence in the record. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

---

[3] Social Security Ruling 16-3p, 2016 SSR LEXIS 4, removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. It became effective on March 28, 2016, but the underlying analysis still incorporates the same factors discussed in *Polaski* and requires the ALJ to make a determination based on all evidence in the record. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017). The Court notes that the hearing decision in this case pre-dated the effective date of SSR 16-3p, so the Court assumes the standard credibility analysis here.

**IV. Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ's RFC and credibility determinations were proper. The finding that Stone was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is affirmed. The case is dismissed, with prejudice.

IT IS SO ORDERED this 12th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE